UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DU KEN ZHENG, et al.,<br><br>Defendants. | No. 2:22-cr-00231-DAD<br><br>ORDER DENYING DEFENDANT YONG KUAI ZHENG'S AMENDED MOTION TO DISMISS INDICTMENT AS MOOT<br><br>(Doc. No. 154) |

This matter is before the court on defendant Yong Kuai Zheng's ("defendant Zheng") motion to dismiss indictment for violation of the Sixth Amendment. (Doc. No. 154.) For the reasons explained below, the court will deny defendant's motion as having been rendered moot by the Continuing Resolution enacted on November 12, 2025, funding the Criminal Justice Act ("CJA") thereby clearing the way for appointed panel attorneys and those providing ancillary services to appointed counsel (paralegals, investigators, experts and interpreters) to be paid the amounts withheld from them since late June of 2025, as well for services provided during the coming months.

On November 17, 2022, defendant Zheng was indicted of conspiring to manufacture at least 100 marijuana plants in violation of 21 U.S.C. §§ 846, 841(a)(1). (Doc. Nos. 1; 35.)

/////

1

1    Attorney Michael Long was appointed pursuant to the CJA as counsel for the moving defendant
2    and continues in that representation.
3        CJA funding ran out in July 2025, with some CJA counsel receiving their last regularly
4    scheduled payment in June 2025.  (Doc. No. 154 at 5–6.)  Attorney Long has represented to the
5    court that he was "assured that payments would resume once Congress passed a budget for Fiscal
6    Year 2026."  (*Id.* at 5.)  Due to the lapse in funding until Congress's passage of the Continuing
7    Resolution, attorney Long, as a member of the court's CJA panel, was not paid during the period
8    of that lapse in funding.  (*Id.*)
9        On October 29, 2025, defendant filed his motion to dismiss the indictment and his
10   amended motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b).  (Doc. Nos.
11   153, 154.)  On November 12, 2025, the government filed its opposition to the motion and on
12   November 13, 2025, defendant filed his reply thereto.  (Doc. Nos. 155, 156.)  On November 21,
13   2025, the then-assigned district judge ordered the parties to provide supplemental briefing
14   addressing the impact of the passage of the continuing resolution on the pending motion to
15   dismiss.  (Doc. No. 158.)  On December 1, 2025, the government and defendant filed that
16   supplemental briefing.  (Doc. Nos. 159, 160.)  On December 2, 2025, this action was reassigned
17   to the undersigned.  (Doc. No. 163.)
18       Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial
19   motion any defense, objection, or request that the court can determine without a trial on the
20   merits."  Fed. R. Crim. P. 12.  The court has "inherent supervisory powers to order dismissal of
21   prosecutions for only three legitimate reasons:  (1) to implement a remedy for the violation of a
22   recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a
23   conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal
24   conduct."  *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995).
25       The court need not, and therefore does not at this time, decide the question of whether a
26   Sixth Amendment violation has occurred in this case.  This is because the resumption of CJA
27   funding has ended any such violation.  Certainly, there now exists persuasive authority that the
28   prolonged refusal to appropriate CJA funds for defense counsel as well as those providers

working on behalf of appointed counsel constitutes a violation of the Sixth Amendment. *United States v. Evanovich*, No. 2:24-cr-00079-DJC, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025) ("Having developed an elaborate system of paid, court-appointed representation, which is now decades old and well-established, Congress cannot remove the funding aspect of the system and still expect criminal defendants to receive adequate representation."); *see also United States v. Ortiz*, — F. Supp. 3d —, 2025 WL 3157821, at *3 (E.D. Cal. Nov. 12, 2025) ("Here, Congress's prolonged failure to provide funding for defense counsel violates Defendant's fundamental constitutional right.");[1] *but see United States v. Vasquez*, No. 2:25-cr-00135-WBS, 2025 WL 2961906, at *1–2 (E.D. Cal. Oct. 20, 2025) (finding that, because court-appointed counsel do not have a personal right under the Sixth Amendment to compensation, the defendant also did not have a constitutional right to compensated counsel); *United States v. Phill*, No. 2:25-cr-00162-DC, 2025 WL 3251317, at *4–5 (E.D. Cal. Nov. 21, 2025) (finding no Sixth Amendment violation based exclusively on ineffective assistance of counsel grounds where no trial date had been set and defendant's counsel represented to the court that they had continued to provide effective assistance during the lapse in funding). Nonetheless, the lapse in appropriations has now ended (at least for the time being) and it would be purely speculative for the court to find that a similar sustained lapse in appropriations is likely to recur in the future. In this regard, the court finds the following reasoning to be instructive:

> Passing the possibly difficult conceptual question of whether the appeal has been mooted in constitutional case or controversy terms, we conclude that, in any event, we should treat it as moot for

---

[1] The court notes that, in both of these cases, trial dates had been set and were fast approaching. *See Evanovich*, 2025 WL 3208308, at *4 (February 23, 2026 trial date scheduled); *Ortiz*, 2025 WL 3157821, at *3 (January 26, 2026 trial date scheduled). Notably, no trial date has been set in this case. Indeed, the setting of a trial date has been continued several times at the request of defense counsel based upon their stated need for additional time to prepare. (*See, e.g.,* Doc. Nos. 58, 91, 104, 119, 147, 150.) Of course, the court will continue to provide defense counsel adequate time in which to prepare if appropriate in light of the showing counsel is able to make in a particular case. See *United States v. Miller*, No. 2:23-cr-00150-DJC, 2025 WL 3251315, at *1 (E.D. Cal. Nov. 21, 2025) ("[T]he least intrusive available remedial action is for the Court to grant Defendants whatever continuance Counsel needs to provide Defendants with adequate representation."); *United States v. Butler*, No. 2:20-cr-00182-DJC, 2025 WL 3251340, at *1 (E.D. Cal. Nov. 21, 2025) (same); *United States v. Alonso-Medina*, No. 2:25-cr-00061-DJC, 2025 WL 3251341, at *1 (E.D. Cal. Nov. 21, 2025) (same).

> prudential reasons. These have to do both with our inability to give an effective remedy under the circumstances now developed and with the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by supervening events; [and] which is not likely to recur in its original form in respect of these appellees[.]

*United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) (internal citation omitted). In short, dismissal of the indictment in this case as to defendant Zheng is not called for because there is no ongoing lapse in appropriations.

Defendant alternatively requests his immediate release in this case on conditions, implicitly arguing that the lapse in appropriations constitutes a compelling reason for his release under 18 U.S.C. § 3142(i). (Doc. No. 154 at 21.) The court is unaware of any authority to support this contention and the moving defendant has not cited any. Moreover, the undersigned observes that courts found that delayed access to counsel due to the COVID-19 pandemic did not necessarily constitute extraordinary reasons compelling temporary release of defendants. *See, e.g., United States v. Terrone*, 454 F. Supp. 3d 1009, 1026–27 (D. Nev. 2020) (finding that although the limitations placed on the defendant's ability to communicate with counsel during the pandemic were regrettable, they did not mandate a defendant's temporary release); *United States v. Villegas*, 587 F. Supp. 3d 1010, 1013 (C.D. Cal. 2020) (same); *United States v. Peralta*, No. 19-cr-00818-PGG, 2020 WL 2527355, at *4 (S.D.N.Y. May 18, 2020) ("As to Peralta's arguments about access to counsel, these concerns, while legitimate, do not justify his release."). Similarly, here, defendant's counsel has represented that throughout the lapse in appropriations he remained in contact with his clients and performed work on this case to the best of his abilities. The court does not decide whether an ongoing denial of access to counsel as a result of the lack of appropriations resulting in appointed defense counsel not being paid for an extended period of time would constitute an extraordinary circumstance under § 3142(i). Instead, the court finds only that the enactment of the Continuing Resolution and the resumption of CJA funding has removed any such extraordinary circumstance in this case at this time.

For the reasons explained above, the court finds that even if a violation of defendant Zheng's Sixth Amendment rights occurred at some point between late June and November 12,

4

2025, the court is unable to fashion an effective remedy now because the purported constitutional violation has ceased.  Therefore, the court DENIES defendant's motion to dismiss (Doc. No. 154) as having been rendered moot by the passage of the Continuing Resolution by Congress and its signing into law.

    IT IS SO ORDERED.

Dated:  **December 8, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE